HOLLY S. PARKER (SBN 10181)
RYAN W. LEARY (SBN 11630)
LAXALT & NOMURA, LTD.
9790 Gateway Drive, Suite 200
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
hparker@laxalt-nomura.com
rleary@laxalt-nomura.com
*Attorneys for Plaintiff,*
*Hartford Fire Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY<br><br>Defendant. | Case No.: 3:18-cv-0432-RCJ-WGC<br><br>**STIPULATION FOR JOINT PROTECTIVE ORDER** |

Plaintiff and Defendant, by and through their respective counsel of record, hereby stipulate to the following Joint Protective Order, subject to the approval by the Court.

1. **Purpose.** It is recognized that certain information likely to be produced and discussed in this litigation deserves protection under Federal Rule of Civil Procedure 26(c) because the information may contain confidential, personal, commercial, or financial information which is proprietary in nature and therefore deserving of protection from disclosure and dissemination. This Protective Order is intended to govern the use and dissemination of this confidential information which may be contained in documents and discovery material produced by the parties, whether informally or formally in response to interrogatories, requests for admissions, requests for production of documents, or obtained or submitted to the Court through

1

affidavit, designated record or other testimony, including deposition testimony, or otherwise obtained or submitted in this action.

2. **Definition of Confidential Information.** Confidential information shall be designated as such at time of production or as soon as practicable and should be limited to any information which a party reasonably and in good faith believes to contain or disclose confidential, or proprietary personal or business information of the party or of a third party, that could not be independently obtained, and/or confidential, personal or business information, the disclosure of which might reasonably pose a commercial disadvantage to the owner or custodian of the information.

3. **Limitation on Designation of Information.** The parties shall only designate information that is confidential if they have a reasonable and good faith belief that the information should, in fact, be so designated. If the Court later determines that the parties did not act reasonably or in good faith in making such a designation, the Court shall award to the party opposing the designation that party's reasonable attorneys' fees in disputing the designation; provided, however, that no party may challenge such a designation unless and until that party has first made a reasonable good faith attempt to resolve the matter informally with the designating party.

4. **Method of Document Designation.** Documents containing Confidential Information may be so designated at the point of production or as soon thereafter as is practical.

5. **Designation of Deposition Testimony.** Deposition testimony that the parties reasonably believe will contain Confidential Information shall only be taken in the presence of the persons entitled to such information under this Order. Where practical, the record shall identify those portions which relate to Confidential Information and that information will be identified as such at the time the deposition is taken. At the request of the party claiming confidentiality, the parties may make arrangements with the court reporter so that the portion of the transcription in question can be separately bound and labeled as confidential.

6. **Method of Exhibit Designation.** Exhibits introduced at a deposition that contain Confidential Information may be so designated by making a statement to that effect on the record

at the time of their introduction. Exhibits designated as containing Confidential Information shall be placed in sealed containers and/or filed under seal prior to being placed in the Court file or otherwise placed in the public record. At the request of the party claiming confidentiality, the exhibits designated as containing Confidential Information shall be placed in sealed containers, filed under seal, or otherwise designated as confidential so as to ensure that they are not placed within the public record.

Any party shall have the right to designate as "Confidential" (by marking the relevant page or as otherwise set forth herein) any document or response to discovery which the designating party considers in good faith to contain Confidential Information. Where a document or response consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated. For Confidential Materials produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the designating party must affix in a prominent place on the exterior of the container or containers in which the Confidential Information or items are stored the legend "Confidential." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

7. **Qualified Persons to Review Confidential Information.** Confidential Information produced pursuant to this Order may be disclosed or made available only to the persons set forth below (collectively "Qualified Persons"):

(a) the Court, jury, court personnel, court reporters, and videographers in connection with this litigation;

(b) counsel for a party, including partners, associates, clerks, paralegals, clerical and secretarial staff, and other support personnel or agents employed or engaged by such counsel's firm;

(c) a party, or an officer, director, in-house counsel, representative, or employee, or former officer, director, in-house counsel, corporate affiliates and claims administrators, representative, or employee of a party deemed necessary by the party's counsel to aid in the prosecution, defense, or settlement of this action;

3

(d) outside experts or consultants (together with their staff) retained by counsel for a party to assist in the prosecution, defense, or settlement of this action;

(e) persons who are shown on the face of the Confidential Information to have been the authors or recipients of the Confidential Information or who otherwise legally received or know of the contents of the Confidential Information prior to the litigation;

(f) reinsurers, reinsurance intermediaries, retrocessionaires, accountants, auditors, and tax advisors in their capacities as such, and/or regulators of any party;

(g) mediators, and/or any other neutrals, appointed to conduct any settlement negotiations between the parties;

(h) to the extent required by law, lawful subpoena, or court order;

(i) any governmental, regulatory, or administrative agency who may seek review of Confidential Information from any insurer.

(i) to comply with any reporting, disclosure or other regulatory obligation to any government agency; an

(j) any other person with the prior written consent of the designating party.

8. **Dissemination of Confidential Information.** Prior to delivering any information controlled by this document to persons designated in paragraph 7(c), 7(d), or 7(g) above, the person(s) to be provided the information shall be provided with a copy of this Order and shall execute a Declaration in the form of Exhibit 1 to this Order, wherein they agree to comply with the terms of this Order. Counsel for the parties shall maintain a file of all such declarations signed by person(s) to whom Confidential Information has been given.

9. **Enforcement of Order.** Any party attempting to enforce this Order will be entitled to its attorneys' fees and costs, or other appropriate monetary sanction determined by the Court, from any party in violation of this Order if the Court finds that the party acted in knowing violation of the Order. If the Court finds that there is no violation of the Order, then the party charged with violating the Order shall recover its attorneys' fees and costs, incurred in opposing the motion, from the party seeking to enforce the Order.

10. **Use of Confidential Materials In Court.** In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use. All portions of briefs, pleadings or other filings with the Court, which incorporate or disclose Confidential Information shall be appropriately labeled on the cover page and filed under seal. The person filing any such documents shall place the material being filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this action, an indication of the nature of the contents of such sealed envelope or other container, the legend "CONFIDENTIAL" and a statement substantially in the following form: "This envelope containing documents which are filed in this case by [name of party] is not to be opened nor the contents thereof displayed or revealed except by order of the Court." The person filing any such document shall inform the Clerk in writing that all or a portion designated thereof is subject to this Order and is to be kept under seal, except that, upon default of the filing party to so designate, any party may do so. Such Confidential Information shall be kept under seal by the Clerk of the Court until further order of the Court. A duplicate copy thereof (with the Confidential Information deleted therefrom) may be placed in the public record.

11. **Future Applications to Court Not Prohibited.** This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. **Use By The Parties.** Nothing in this Order shall prevent or limit the parties from using or disclosing their own Confidential Information, and information or documents derived

therefrom, for any purpose, and the parties shall take all steps required by this Order to maintain their confidentiality during such use.

13. **Inadvertent Production.** If a party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, it may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. The receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

14. **Limited Effect of Order.** This Order is entered solely for the purpose of facilitating the parties' exchange of documents and information in this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect (a) of an admission or waiver by the parties regarding the confidentiality or non-confidentiality of any information, document, or thing, or (b) of altering the confidentiality or non-confidentiality of any such document, thing, or information.

15. **Termination of Action.** This Order shall survive the final termination of this action. Upon termination, each party may, at its option, either (1) destroy all Confidential Information provided to it and/or in its possession, or (2) store all such Confidential Information subject to the terms, conditions and restrictions of this Order and in accordance with the parties' applicable document retention policies. Notwithstanding the foregoing, each party and its respective counsel may retain any Confidential Information that has been filed with the court, entered as evidence, or that is incorporated into attorney work product, provided that any such Confidential Information shall remain subject to the confidentiality restrictions of this Order. The provisions of this Order, insofar as they restrict the disclosure, communication of, and use of, Confidential Information, shall continue to be binding after the conclusion of this action or any potential claim arising out of this action.

16. **Entire Agreement.** This Order sets forth the entire agreement and understanding between the parties with respect to the use of discovery material in this action and supersedes any prior or contemporaneous agreement between the parties.

**IT IS SO STIPULATED.**

DATED this 22nd day of April, 2019.

LAXALT & NOMURA, LTD.

_____
HOLLY S. PARKER (SBN 10181)
9790 Gateway Drive, Suite 200
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
hparker@laxalt-nomura.com

KRAMON & GRAHAM, P.A.
Susan M. Hogan
(*pro hac vice*)
Beth P. Evans
(*pro hac vice*)
One South Street, Suite 2600
Baltimore, Maryland 21202
Telephone: (410) 752-6030
Facsimile: (410) 361-8211
Email: shogan@kg-law.com
Email: bevans@kg-law.com

*Counsel for Plaintiff Hartford Fire Insurance Company*

DATED this 22nd day of April, 2019.

HEROLD & SAGER

*/s/ Nicholas B. Salerno*
ANDREW D. HEROLD (SBN 7378)
NICHOLAS B. SALERNO (SBN 6118)
550 Second Street
Suite 200
Encinitas, CA 92024
Tel: (760) 487-1047
Fax: (760) 487-1064
aherold@heroldsagerlaw.com
nsalerno@heroldsagerlaw.com

*Counsel for Defendant Lexington Insurance Company*

# ORDER

Paragraph 10 is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 15 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: April 23, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2019, in the case of *Hartford Fire Insurance Company, a Connecticut corporation, Plaintiff, vs. Lexington Insurance Company, a Delaware corporation,* Case No. 3:18-cv-0432-RCJ-WGC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any confidential information or item (e.g. proprietary business, commercial, contractual, financial, or personal information) that is subject to this Protective Order and/or designated as confidential to any person or entity except in strict compliance with the provisions of this Order.

Executed on _____, 20___.

City and State where sworn and signed: _____

Printed name: _____

Signature: _____