UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Hartford Fire Insurance Company,<br><br>                              Plaintiff,<br>    v.<br>Lexington Insurance Company,<br><br>                              Defendant. | 3:18-cv-00432-RCJ-WGC<br><br>**ORDER** |
|---|---|

      An insurance company brought this case against another insurance company alleging that both were liable for claims against the same insured party. The Defendant claimed that it had no duty to defend forcing the Plaintiff to defend the insured and pay for the resulting settlements alone. The Defendant avers that its policy lapsed; the Court agrees and dismisses the case.

**I.    FACTUAL BACKGROUND**

      According to the operative complaint and its attachments, the facts are as follows. Both the Plaintiff and the Defendant are insurance companies that insured Landmark, a Nevada construction contractor and developer. Landmark became insolvent and filed for bankruptcy in 2009.

      From 2006 to 2009, the Defendant insured Landmark and its subcontractors by issuing a general liability exposure insurance policy specific to particular construction projects. This policy also provided for an "extended reporting period," which would "begin[] on the expiration of this policy and end[] when the applicable statute of limitations . . . expires." (Am. Compl. Ex. 5 at 30,

ECF No. 18.) However, "the extended reporting period will only apply to claims . . . [t]o which no other subsequent insurance you purchase applies." *Id.*

Landmark later purchased broad liability insurance policies for its general business exposures from the Plaintiff. These policies started in 2007 and ended in 2011. Accordingly, these policies and the Defendant's policy overlapped and covered some of the same risks.

Beginning in 2014, a number of claims were filed against Landmark alleging defects in the construction projects that both parties had insured. The parties were provided notice of the actions, but only the Plaintiff defended against the actions and paid for settlements. The Defendant refused to participate in those cases.

Now, the Plaintiff has filed this case with this Court for two counts. First, the Plaintiff seeks a declaratory judgment stating that the Defendant has a duty to defend these actions under its policy. Second, the Plaintiff asks that this Court grant equitable contribution such that the Plaintiff receives a pro rata share of the settlements and expenses associated with the underlying cases.

## II.     FAILURE TO STATE A CLAIM STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). To determine the facts, a court is constrained to consider only the pleadings and "material which is properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If the court grants a motion to dismiss, then it should grant leave to amend unless amendment cannot cure the deficiencies of the complaint. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    ANALYSIS

The parties agree that the Defendant's coverage lapsed if its extended reporting period does not apply and that the "the extended reporting period will only apply to claims . . . [t]o which no other subsequent insurance [Landmark] purchase[d] applies." Thus, there is only one issue before

this Court—whether the Plaintiff's insurance policies limit the extended reporting period under that clause.

The issue can be even further isolated applying Nevada law. In order for an insurance policy to restrict coverage, "it should employ language that clearly and distinctly communicates to the insured the nature of the limitation." *Griffin v. Old Republic Ins. Co.*, 133 P.3d 251, 253 (Nev. 2006) (quoting *Vitale v. Jefferson Ins. Co.*, 5 P.3d 1054, 1057 (Nev. 2000)). An insurance policy is considered to be ambiguous if there are multiple reasonable interpretations of the contract. *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014). If an insurance policy is not ambiguous, then the courts should apply the policy's plain meaning. *Id.* On the other hand, Nevada courts interpret ambiguities in an insurance contract in favor of extending coverage. *Id.* If an insurance contract has more than one reasonable interpretation, then the contract is ambiguous. *Id.* Hence, if there is any reasonable interpretation of the term "subsequent insurance" that would make the Defendant liable, then the Court should deny the Defendant's motion.

The Court holds that there is no reasonable interpretation of the contract that would make the Defendant liable. Here, although the contract does not define the term "subsequent insurance," the Court finds that the term's meaning is clear. As the complaint and attached documents set forth, Landmark purchased the Plaintiff's policies subsequent to the Defendant's policy; the Plaintiff's policies provided coverage for the same claims subsequent to the Defendant's coverage; and the Plaintiff's policies applied to the claims at issue. Consequently, the only reasonable interpretation of the contract provision is to limit coverage in this instance.

The Plaintiff posits a narrower interpretation of the limiting clause. According to the Plaintiff, "the extended reporting period provision would only restrict coverage if Landmark purchased the *same* insurance *subsequent to the expiration* of the [the Defendant's policy]." (Resp. Mot. Dismiss 10:4–5, ECF No. 25 (emphases added).) If "subsequent" could reasonably mean purchased after the expiration of the Defendant's policy or if "insurance" could reasonably mean "same or similar insurance," then there is a reasonable interpretation that would extend coverage and the motion to dismiss is inappropriate. However, neither is reasonable.

First, the Plaintiff argues that it is not subsequent, because the policies overlapped, but the Plaintiff cites to no legal authority for this conclusion. On the other hand, the Defendant provides a nonbinding but persuasive case to the contrary. A California appellate court considered this very argument and held that a mere overlap does not negate whether insurance was subsequent. *Sigue Corp. v. Farmers Ins. Grp.*, No. B189959, 2007 WL 586689, at *6–7 (Cal. Ct. App. Feb. 27, 2007). This opinion is in line with the policy behind extended reporting periods, which is to protect against coverage gaps. *See Checkrite Ltd., Inc. v. Illinois Nat. Ins. Co.*, 95 F. Supp. 2d 180, 193 (S.D.N.Y. 2000); David A. Baugh & Ellen L. Flannigan, *Protecting the Professional Brush Up on E&O Insurance*, Sept./Oct. 1999 Bus. L. Today 15, 16. The Court agrees with the Defendant and the California appellate court—an insurance policy may be subsequent to another despite an overlap in time.

Second, requiring Landmark to purchase the same or similar insurance is not reasonable in light of the contracts clear wording. The Plaintiff repeatedly emphasizes that the Defendant's policy was specific to the claims that were brought, so Landmark could have reasonably expected that the Defendant's policy would cover these claims. The Defendant does not dispute that the policy would have covered the claims had the policy not lapsed or if the extended reporting period applied. However, applying the extended reporting period in this case is not a reasonable expectation, because this interpretation would clearly contravene the words of the contract. The clause is not limited by "same insurance" or even "similar insurance;" rather, the clause reads, "*no other* subsequent insurance." (Am. Compl. Ex. 5 at 30 (emphasis added).) Again, the Plaintiff's interpretation runs contrary to the policy behind these provisions. Because it is undisputed that the Plaintiff's insurance covered these claims, so there is no coverage gap. Consequently, the Plaintiff's interpretation is not reasonable.

In sum, the Defendant's insurance policy clearly and distinctly limited the extended reporting period, so dismissal is appropriate. *See Petersen v. Arch Ins. Co.*, No. 5:15-CV-00832-ODW, 2015 WL 3968590, at *5 (C.D. Cal. June 30, 2015) (granting a Rule 12(b)(6) motion when the clear language of an insurance policy barred recovery). Furthermore, based on the undisputed

language of the Defendant's policy and the Plaintiff's failure to provide any indication that amendment could cure the deficiencies of the complaint, the Court concludes that amendment would be futile. Therefore, the Court dismisses the case with prejudice.

**IV. CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's Amended Complaint (ECF No. 18) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk shall enter judgment for the Defendant and close the case.

IT IS SO ORDERED.

Dated this 26th day of August, 2019.

_____
ROBERT C. JONES
United States District Judge